IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:16cr20-MHT |
| | ) | (WO) |
| ASHLEY ANNE GARN | ) | |

OPINION AND ORDER

This cause is before the court on defendant Ashley Anne Garn's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for July 11, 2016 should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Garn in a speedy trial. Garn represents that she is discussing with the government the possibility of resolving this case

2

through the pretrial diversion program. The current July 11 trial date does not provide enough time for the parties to undergo the pretrial diversion process, which, Garn represents, can take up to three months. A continuance is warranted to allow her the opportunity to pursue this option fully, that is, a continuance is necessary to enable her to prepare effectively for trial by exploring pretrial diversion as an option.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Ashley Anne Garn's motion for continuance (doc. no. 17) is granted.

(2) The jury selection and trial, now set for July 11, 2016, are reset for November 14, 2016, at 10:00 a.m., at the Federal Courthouse in Dothan, Alabama, 100 West Troy Street, Dothan, Alabama.

DONE, this the 23rd day of June, 2016.

    /s/ Myron H. Thompson    
    UNITED STATES DISTRICT JUDGE